UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RACHEL KIRK,**

                Plaintiff,        Case No.

v.                                       Hon.

**BOLLINGER MOTORS, LLC,**
and **ROBERT BOLLINGER,**

                Defendants.
_____

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*
_____

## COMPLAINT

Plaintiff, Rachel Kirk, through her attorneys, Gold Star Law, P.C., for her Complaint states:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Rachel Kirk ("Kirk") is an individual who resides in Monroe, Monroe County, Michigan.

2. Defendant Bollinger Motors, LLC, ("Bollinger Motors"), is a foreign limited liability company with its place of business in Ferndale, Oakland County, Michigan.

3. Defendant Robert Bollinger ("Bollinger") is an owner, decision maker, president, manager, and resident agent of the Defendant corporation, manages day-to-day operations, and pay policies of Defendant corporation.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.* and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

5. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

6. Defendants own and operate an auto manufacturer in Ferndale, Michigan.

7. Kirk was employed by Defendants as an electronics technician from May 6, 2019 until October 3, 2019.

8. Kirk's job required no particular advanced degree, and Kirk had no advanced degree or education in electrical engineering.

2

9. Kirk's primary job duty was to manufacture and produce harnesses based on the electrical engineer's designs.

10. Kirk did not supervise any employees and did not have the authority to make any independent decisions or business decisions on behalf of Bollinger Motors.

11. Kirk's regular rate of pay was $34.62 per hour.

12. Kirk worked in excess of 40 hours per week for most of her employment with Defendants.

13. Kirk was paid her regular rate of pay for only 40 hours worked for Defendants per week, and was never paid for hours worked over 40 hours in one week.

14. Kirk was not exempt from the overtime pay requirements of the FLSA.

15. Throughout Kirk's employment with Defendants, Defendants did not compensate Kirk at 1 ½ times her regular rate of pay for any hours worked in excess of forty hours per week.

16. Defendants' conduct violates the FLSA because Defendants were required to compensate Kirk at least 1 ½ times her regular rate of pay for all hours worked over 40 in a week.

17. All hours worked by Kirk, including overtime hours, were worked at the direction and with the sufferance of Defendants.

18. Defendants' failure to pay overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME IN VIOLATION
## OF THE FAIR LABOR STANDARDS ACT OF 1938

19. Kirk incorporates the foregoing allegations of this Complaint as if fully stated herein.

20. Defendants are "employers" within the coverage of the FLSA.

21. Kirk is an "employee" within with coverage of the FLSA.

22. Defendants were required to compensate Kirk at 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

23. Defendants failed to compensate Kirk at 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

24. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

25. As a direct and proximate cause of Defendants' violation of the FLSA, Kirk has sustained damages in the form of unpaid wages and overtime

compensation of approximately $9,384.50.

26.    Kirk is also entitled to liquidated damages and her costs and attorney fees in having to pursue this action against Defendants

**WHEREFORE**, Plaintiff, Rachel Kirk, respectfully requests that this Court awards her at least $9,384.50 in actual unpaid wages, an equal amount as liquidated damages, her reasonable costs and attorney fees, and such other relief as this Court deems just and equitable.

          Respectfully submitted,

          **GOLD STAR LAW, P.C.**

          */s/ Maia Johnson Braun*
          **Maia Johnson Braun (P40533)**
          Attorneys for Plaintiffs
          2701 Troy Center Dr., Ste. 400
          Troy, Michigan 48084
          (248) 275-5200
          *mjohnson@goldstarlaw.com*

Dated: November 20, 2019